IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE COLISEUM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, The Coliseum, Inc., ("Plaintiff" or "The Coliseum") files *Plaintiff's Original Complaint* against Defendant, the United States of America, ("Defendant" or the "Government") as follows:

### PARTIES

1.      **Plaintiff**. The Coliseum, Inc. is a Texas corporation with its principal office located at 201 N. Harwood, Dallas, Texas 75201.

2.      **Defendant.** The United States of America may be served by delivering, via certified mail, a copy of the summons and Complaint to the following:

> a.  Civil Process Clerk
>     U.S. Attorney for the Northern District of Texas
>     Dallas Division
>     1100 Commerce Street, Third Floor
>     Dallas, Texas 75242-1699

> b.  Office of the Attorney General
>     Department of Justice
>     10th & Pennsylvania Ave., N.W.
>     Washington, D.C. 20530

PLAINTIFF'S ORIGINAL COMPLAINT—Page 1

## STATEMENT OF JURISDICTION

3.      This action arises under 18 U.S.C. § 983 of the Civil Asset Forfeiture Reform Act of 2000 and applicable regulations, such that federal question jurisdiction applies pursuant to 28 U.S.C. § 1331.

## VENUE

4.      Venue is proper in this District pursuant to 28 U.S.C § 1395(b) & (c) because, upon information and belief, the seized currency that is the subject of this Complaint is being held in this District.

## SUMMARY

5.      Plaintiff seeks the return of $29,207.00 in U.S. Currency, of which it is the rightful owner, seized by the Texas Department of Public Safety on June 8, 2015, and transferred to the Government. The money is not subject to forfeiture, and the Government has not taken any of the actions required by the Civil Asset Forfeiture Act of 2000 to maintain seizure of Plaintiff's property.

6.      This Complaint, and the facts set out herein, are supported by the Affidavit of Gabriel Solis, which is attached hereto as Exhibit "A" and the Seized Asset Claim form attached hereto as Exhibit "B."

## FACTS

7.      Plaintiff is a night club located at 9111 FM 812, Austin, Texas 78719 with an occupancy load of 5,800 persons, a liquor and beer license, and five (5) bar stations located throughout the club. Primarily, The Coliseum is a live music venue

PLAINTIFF'S ORIGINAL COMPLAINT—Page 2

featuring Latin, R&B, Country and mainstream recording artists that is open on Saturday and Sunday evenings, with some special events on Thursday and Friday.

8.      As a night club, Plaintiff has a high volume of cash transactions from cover charges at the door ("Door Money") and drink sales to customers paying with large bills ("Big Change").

9.      At all times relevant to this action, Gabriel Solis ("Solis") has been Plaintiff's manager.  After Plaintiff closed for the night on June 8, 2015, Solis reconciled the weekend's transactions, which accounted for $12,315 in Door Money, $16,590 in Big Change, and $302 from valet parking (collectively, the "Property").

10.     Although Plaintiff's night club is located in Austin, its headquarters/principal office is located in Dallas.  Solis also lives in Dallas and commutes to Austin to perform his job responsibilities.  Consequently, after completing his duties at about 3:30 a.m. on June 8, 2015, it was inefficient for him to wait several hours for the Regions Bank in Austin to open, deposit the Property, and then drive back to Dallas.  Instead, it has been Plaintiff's practice since 1999 for Solis (and typically, his wife) to drive back to Dallas with the Property, and deposit the money at a Regions Bank in Dallas, Texas that is close to Plaintiff's principal place of business on their way home.

11.     Solis, a veteran of the United States Marine Corps, has worked for Plaintiff's owner for over twenty years.  Therefore, Solis is one of the few employees in whom Plaintiff places the trust needed to routinely handle Plaintiff's large cash sums.  Plaintiff allows Solis the accommodation of commuting between Austin and

Dallas to manage the club during its operating hours.  It had also been Plaintiff's practice for about one year to provide Solis with a uniformed, duly licensed armed security officer in a separate vehicle, who would escort Solis from the night club until Solis was outside of Austin.

12.     On the morning of June 8, 2015, Solis was following the same practice he had been following for Plaintiff.  He and his wife left the night club and started their drive with the Property back to Dallas with the armed escort in a separate vehicle when he was stopped by the Highway Patrol Division of the Texas Department of Public Safety (the "DPS") under the pretext of driving in the left lane without passing.

13.     When asked if he was carrying anything the DPS Trooper should know about, Solis volunteered that he had a rolling suitcase carrying Plaintiff's money. Solis cooperated fully with the DPS, showing documentation for the Property and explaining to the Troopers how Plaintiff's weekend operations yielded the Property. The security officer escorting Solis, who voluntarily stopped when he saw the DPS stop Solis, was released without questioning.  Solis was not arrested, but the DPS seized the Property (the "Seizure") and asked Solis to return to the local station for further questioning.

14.     After additional questioning at the DPS station, where Solis fully cooperated without requesting an attorney, the DPS released Solis but maintained its Seizure of the Property.  Attached to this Complaint as Exhibit "B-1" is a true and correct copy of the Inventory of Seized Property that Solis received from the DPS.

15.     Plaintiff's counsel was later informed that the Property had been turned over to the federal authorities and was being handled by the United States Attorney's Office (the "USAO") in Dallas, Texas.   Therefore, it is Plaintiff's belief that its Property is currently being held in Dallas, Texas.

16.     Solis explained his employment with Plaintiff and Plaintiff's ownership of the Property to the DPS. Further, Plaintiff's counsel contacted the USAO and further explained Plaintiff's ownership of the Property.  The Assistant United States Attorney stated that the Government might release the Property without a claim. *See* 28 C.F.R. § 8.7.   However, the Government has not released the Property, nor provided any notice of intent to pursue non-judicial or judicial forfeiture, nor provided any notice of the need to file a claim under the Civil Asset Forfeiture Reform Act.

## COUNT I

## MOTION FOR RETURN OF THE PROPERTY UNDER FED. R. CRIM. PRO. 41(G)

### PLAINTIFF IS ENTITLED TO RETURN OF THE PROPERTY BECAUSE IT IS NOT SUBJECT TO FORFEITURE

17.     Property subject to forfeiture to the United States is described in 18 U.S.C. § 981(a). Seizures made under section 981 shall be made according to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure, although property seized by a state or local law enforcement agency and transferred to a seizing agency for federal forfeiture may be adopted for administrative forfeiture without a federal seizure warrant or other

federal judicial process. 18 U.S.C. § 981(b)(2)(C); 28 C.F.R. § 8.3(b)(1). However, Attorney General Eric Holder issued an order in January 2015, prohibiting the federal adoption of cash seized by State or local law enforcement under State law for nonjudicial (administrative) forfeiture without the approval of the Assistant Attorney General for the Criminal Division. *Office of the Attorney General*, "Prohibition on Certain Federal Adoptions of Seizures by State and Local Law Enforcement Agencies" (Jan. 16, 2015).

18.     Unless the Government obtained approval from the Assistant Attorney General for the Criminal Division to adopt the DPS's seizure of the Property, the Government's seizure was not made pursuant to a federal warrant or exception to the federal warrant requirement under 18 U.S.C. § 981(b)(2). The Property is, therefore, not subject to forfeiture, and Plaintiff is entitled its return.

19.     Further, pursuant to Federal Rule of Criminal Procedure 41(g), a person aggrieved by the deprivation of property may move for the property's return.

# COUNT II

## PLAINTIFF IS ENTITLED TO RETURN OF THE PROPERTY UNDER 18 U.S.C. § 983(a)(1)(F) BECAUSE THE GOVERNMENT HAS FAILED TO PROVIDE THE REQUIRED STATUTORY NOTICE OF SEIZURE AND INTENT TO FORFEIT.

### REQUIRED NOTICE TO POTENTIAL CLAIMANTS BY PUBLICATION AND TO INTERESTED PARTIES BY PERSONAL WRITTEN NOTICE.

20.     When property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for forfeiture under Federal law,

notice of the seizure and intent to forfeit the property shall be sent to interested parties and potential claimants. 18 U.S.C. § 983(a)(1)(A)(iv); 29 C.F.R. 8.9(c)(1).

21.    The appropriate official of the seizing agency shall provide notice to potential claimants by either (1) Publication once each week for at least three successive weeks in a newspaper generally circulated in the judicial district where the property was seized; or (2) Posting a notice on an official internet government forfeiture site for at least 30 consecutive days. 28 C.F.R. § 8.9(a)(1). The published notice shall state the following:

  a.  A description of the seized property;

  b.  The date, statutory basis, and place of seizure;

  c.  The deadline for filing a claim when personal written notice has not been received—at least 30 days after the date of final publication of the notice of seizure; and

  d.  The identity of the appropriate official of the seizing agency and address where the claim must be filed.

28 C.F.R. § 8.9(a)(2).

22.    In addition to publishing notice, the seizing agency shall send personal written notice of the seizure to each interested party in a manner reasonably calculated to reach such parties. 28 C.F.R. § 8.9(b)(1). The personal written notice to interested parties shall state the following:

  a.  The date when the personal written notice is sent;

  b.  The deadline for filing a claim, at least 35 days after the personal written notice is sent;
  c.  The date, statutory basis, and place of seizure;

  d.  The identity of the appropriate official of the seizing agency;

      e.  The address where the claim must be filed; and

      f.  A description of the seized property.

28 C.F.R. § 8.9(b)(2).

THE GOVERNMENT'S DEADLINE FOR PROVIDING NOTICE

23.    When property is seized by a State law enforcement agency and turned over to a Federal law enforcement agency for forfeiture under Federal law, notice to potential claimants and interested parties shall be sent no more than 90 days after the date of seizure by the State law enforcement agency. 18 U.S.C. § 983(a)(1)(A)(iv); 29 C.F.R. 8.9(c)(1). A supervisory official in the headquarters office of the seizing agency may extend the period for sending this notice for only 30 additional days (which only a court may further extend), if the official determines that the conditions in subparagraph (D)[1] are present. 18 U.S.C. at § 983(a)(1)(B). As the Seizure was on June 8, 2015, at most, the Government had until October 7, 2015 (90 days, plus one 30 day extension), to send the required notice to Solis and Plaintiff.[2]

---

[1] "(D) The period for sending notice under this paragraph may be extended only if there is reason to believe that notice may have an adverse result, including—
    (i)   endangering the life or physical safety of an individual;
    (ii)  flight from prosecution;
    (iii) destruction of or tampering with evidence;
    (iv)  intimidation of potential witnesses; or
    (v)   otherwise seriously jeopardizing an investigation or unduly delaying a trial."
18 U.S.C. § 983(a)(1)(D).

[2] A court could have extended the period for sending notice, but that would have required the Government to have instituted a judicial action, which it appears not to have done. *Id.* at § 983(a)(1)(C).

24.     If, before entering an administrative declaration of forfeiture, a seizing agency subsequently learns the identity or interest of an interested party, then the agency shall send written notice to that interested party under 28 C.F.R. § 8.9(c)(1) within 60 days after determining the identity of the interested party or that party's interest. 28 C.F.R. § 8.9(c)(6). This deadline may be extended by the appropriate official of the seizing agency as described above. 28 C.F.R. § 8.9(c)(7).

25.     As of the date of this Complaint, neither Solis nor Plaintiff have received any statutory personal notice from the Government regarding the seizure, the Government's intent to forfeit the Property, or details regarding the requirements for Plaintiff filing a claim. Further, the undersigned counsel has not located any notice by publication regarding the Seizure or Property in any applicable newspaper or on http://www.forfeiture.gov, the website managed by the Department of Justice Asset Forfeiture Management Staff containing a comprehensive list of pending forfeiture notices for several federal agencies, including the USAO and FBI. All of the Government's conceivable deadlines for providing statutory notice to potential claimants and interested parties have expired; thus, Plaintiff is entitled to the return of its Property.

EXCEPTIONS TO THE GOVERNMENT'S DEADLINE FOR PROVIDING NOTICE

26.     *Owner consent or subsequent federal warrant or restraining order.* If property is seized by a State or local law enforcement agency, but personal written notice is not sent to the person from whom the property is seized within 90 days after

the seizure, then an administrative forfeiture proceeding against the property may

commence only if the following is present:

> a. The property is subsequently seized or restrained by the seizing
>    agency under a federal seizure warrant or restraining order, and the
>    seizing agency sends notice within 60 days after the date of the
>    federal seizure; or
>
> b. The owner of the property consents to forfeiture of the property.

28 C.F.R. § 8.9(c)(4).

27.    *Filing of a civil forfeiture action.* Personal notice of administrative

forfeiture is not required if, before the 60 day notification period expires, the

Government files a civil judicial forfeiture action against the seized property and

provides timely notice of that action as required by law. 18 U.S.C. § 983(a)(1)(A)(ii);

28 C.F.R. § 8.9(c)(2).

28.    *Criminal indictment with an allegation regarding the property.* Notice

of administrative forfeiture is not required if the Government obtains a criminal

indictment within 60 days of the seizure containing an allegation that the property

is subject to forfeiture. 18 U.S.C. at § 983(a)(1)(A)(iii). However, following the entry

of an order of forfeiture under 21 U.S.C. § 853, the Government shall publish notice

of the order and of its intent to dispose of the property in such manner as the Attorney

General may direct. 21 U.S.C. § 853(n)(1).[3] The Government may also, to the extent

practicable, provide direct written notice to any person known to have alleged an

interest in the property that is the subject of the order of forfeiture as a substitute for

published notice as to those persons so notified. *Id.*

---

[3] *See also*, 18 U.S.C. § 1963(l)(1).

PLAINTIFF'S ORIGINAL COMPLAINT—Page 10

29.     Plaintiff has not consented to and does not consent to forfeiture of its Property. As of the date of this Complaint, neither Solis nor Plaintiff have received notice of seizure of the Property by federal warrant or restraining order. Plaintiff has also not located the filing of any civil forfeiture action against the Property, and has not received notice of any such action. Last, Solis and Plaintiff have not received notice of any criminal indictment related to the Property or the Government's intent to dispose of the Property. Solis and Plaintiff do not have actual knowledge of any such civil or criminal actions, either.

CONSEQUENCE OF THE GOVERNMENT'S FAILURE TO PROVIDE STATUTORY NOTICE

30.     If the Government does not send notice of the seizure in accordance with § 983(a)(1)(A) to the person from whom the property was seized, and no extension of time is granted, then the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. 18 U.S.C. § 983(a)(1)(F).

31.     When the Government is required to return seized property under 18 U.S.C. § 983(a)(3), the U.S. Attorney in charge of the matter shall immediately notify the appropriate seizing agency that the 90-day deadline was not met. 28 C.F.R. § 8.13(a). When aware that the property must be released, the agency shall promptly notify the person with a right to immediate possession of the property, informing that person to contact the property custodian within a specified period for release of the property. 28 C.F.R. § 8.13(b). The agency shall also inform that person that failure to contact the property custodian within the specified period may result in initiation of

abandonment proceedings against the property pursuant to 41 C.F.R. parts 128-48. *Id*. The seizing agency shall notify the property custodian of the identity of the person to whom the property should be released. *Id*.

32.     As of the date of this Complaint, neither Solis nor Plaintiff have received notice that the Property will be released, to contact the property custodian, the time period within which to contact the property custodian, or the possible initiation of abandonment proceedings against the Property.

33.     If the Government does not file a complaint for forfeiture or return the property, in accordance with 18 U.S.C. § 981(a)(3)(A) or, before the time for filing a complaint has expired, obtain a criminal indictment containing an allegation that the property is subject to forfeiture, then the Government shall promptly release the property. 18 U.S.C. at § 981(a)(3)(B). The Government may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense. *Id*.

# COUNT III

## MOTION TO SET ASIDE
## ADMINISTRATIVE DECLARATION OF FORFEITURE

IF THERE HAS BEEN A DECLARATION OF FORFEITURE,
THEN PLAINTIFF IS ENTITLED TO RETURN OF THE PROPERTY
UNDER 18 U.S.C. § 983(e)(1) BECAUSE THE GOVERNMENT
FAILED TO PROVIDE REQUIRED STATUTORY NOTICE OF FORFEITURE.

34.     If there has been an administrative declaration of forfeiture of the Property, then Plaintiff is entitled to have the Declaration set aside and have its Property returned because the Government failed to provide Plaintiff with any of the

PLAINTIFF'S ORIGINAL COMPLAINT—Page 12

required statutory notifications. Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property. 18 U.S.C. at § 983(e)(1). An administrative forfeiture proceeding begins when notice is first published in accordance with 28 C.F.R. § 8.9(a), or the first personal written notice is sent in accordance with § 8.9(b), whichever occurs first. 28 C.F.R. § 8.8. Because neither published nor personal notice under the statute has occurred, any administrative forfeiture proceedings were prematurely and improperly commenced, and Plaintiff is entitled to have any administrative declaration of forfeiture set aside.

35.    A motion to set aside a declaration of forfeiture shall be granted if the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice, and the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim. *Id.* A motion to set aside under section 983(e)(1) may be filed not later than five years after the date of final publication of notice of seizure of the property. *Id.* at § 983(e)(3).

36.    Because Solis informed the DPS, and Plaintiff's counsel informed the USAO, that Plaintiff owned the Property, the Government knew or reasonably should have known of Plaintiff's interest in the Property. Further, because the Government provided none of the statutorily required notifications, any administrative declaration of forfeiture did not give Plaintiff sufficient time to file a timely claim.

37.    Moreover, Plaintiff's knowledge of the seizure is not notice of the Government's intent to pursue any forfeiture action. The Fifth Amendment to the Constitution states that "no person shall . . . be deprived of life, liberty, or property, without due process of law." *U.S. Const. amend.* V. This requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of [a legal] action and afford them an opportunity to present their objections." *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 35-36 (1st Cir. 2001), *citing Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950). Accordingly, "the essence of due process is the requirement that a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it." *Id.*, citing *Mathews v. Eldridge*, 424 U.S. 319, 348, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976). In the forfeiture context, due process minimally requires that the government provide an individual with notice and an opportunity to be heard before confiscating his property. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 46, 126 L. Ed. 2d 490, 114 S. Ct. 492 (1993). Therefore, to satisfy due process, notice must be reasonably calculated to inform the interested party of the contemplated forfeiture and to offer the party a fair chance to present a claim. *Reagan v. United States*, No. 3:11-CV-0004-M-BF, 2012 U.S. Dist. LEXIS 164387, at *19 (N.D. Tex. 2012), *citing Gonzalez*, 257 F.3d at 38; *see also See Mullane*, 339 U.S. at 314.

38.    The Government has provided no notice of any case against Plaintiff or that its Property was contemplated for forfeiture.  In fact, the Assistant United States

Attorney informed Plaintiff's counsel that the Government was considering releasing the Property without a claim. Therefore, the Government's continued seizure of the Property has denied Plaintiff a fair chance to present a claim for its Property.

## COUNT IV

## PLAINTIFF'S CLAIM FOR SEIZED PROPERTY

39.    Plaintiff contends that the Government has not taken actions required to trigger any obligation by Plaintiff to file a claim to its Property under 18 U.S.C. 983. Nonetheless, without waiving this, or any other, argument, in the event necessary, attached to this Complaint as Exhibit "1" is Plaintiff's Seized Asset Claim. Plaintiff specifically denies that the presentation of this Claim revives any rights by the Government to take any action where the deadline for such action has passed.

## COUNT V

## PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES AND COSTS

### PLAINTIFF IS STATUTORILY ENTITLED TO ATTORNEY'S FEES, LITIGATION COSTS, POST-JUDGMENT INTEREST, AND PRE-JUDGMENT INTEREST.

40.    In any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for the following:

> (A)   Reasonable attorney fees and other litigation costs reasonably incurred by the claimant;

    (B)  Post-judgment interest, as set forth in section 1961 of this title; and

    (C)  In cases involving currency, other negotiable instruments, or the proceeds of an interlocutory sale—

        (i)  Interest actually paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest-bearing account or instrument; and

        (ii)  An imputed amount of interest that such currency, instruments, or proceeds would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid (not including any period when the property reasonably was in use as evidence in an official proceeding or in conducting scientific tests for the purpose of collecting evidence), commencing 15 days after the property was seized by a Federal law enforcement agency, or was turned over to a Federal law enforcement agency by a State or local law enforcement agency.

28 U.S.C. § 2465(b).

41.     Although 28 C.F.R. § 8.16 states that the Government is not liable for attorney fees or costs in any administrative forfeiture proceeding, the Government's refusal to pursue any forfeiture action and timely provide the requisite notices or release of Plaintiff's Property has forced Plaintiff to file this judicial action to retrieve its Property. Because the Government failed to avail itself of the advantages of an administrative forfeiture proceeding with the required time frames, it cannot claim the protection of section 8.16 now that its inaction has compelled Plaintiff to take judicial action. Section 8.16 does not apply to this judicial action necessitated by the Government's failure to comply with various statutory and regulatory provisions, and Plaintiff is entitled to its attorney's fees, costs, and interest under 28 U.S.C. § 2465(b).

PLAINTIFF'S ORIGINAL COMPLAINT—Page 16

## DEMAND FOR RELIEF SOUGHT

Plaintiff respectfully requests that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendant for the following:

(a)     Return of the seized Property in the amount of $29,207.00;

(b)     Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 28 U.S.C. § 2465(b);

(c)     Pre and post-judgment interest at the highest rate permitted by law; and

(d)     Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

By: _____
    JOHN W. BOWDICH
    State Bar No. 00796233
    TODD J. LILES
    State Bar No. 00796956

THE WILLIS LAW GROUP
10440 N. Central Expressway, Suite 520
Dallas, Texas 75231
(214) 736-9433 – Telephone
(214) 736-9994 – Telecopy
jbowdich@thewillislawgroup.com
tliles@thewillislawgroup.com

ATTORNEYS FOR PLAINTIFF
THE COLISEUM, INC.

PLAINTIFF'S ORIGINAL COMPLAINT—Page 17